Van Voorhis, J.
 

 Petitioners-appellants’ application has been denied by the State Liquor Authority, overruling the local ABC board, for removal of their package liquor store from Franklin Square to Forest City, North Bellmore, New York, upon the ground that “ The applicants have failed to establish that if this application for removal is granted there will be sufficient number of liquor stores in the vicinity in which they are now located to serve public convenience and advantage in this area and the Board further determines that public convenience and advantage will not be served by the approval of application.”
 

 There are four package liquor stores in the vicinity of the premises of these licensees in Franklin Square, and three package liquor stores in the area to which the licensees wish to move. Although the objections to this removal have been sustained which were filed by the package liquor store proprietors in the area to which appellants have applied to move, the Authority has admittedly made no inquiry into and no findings concerning whether the proposed area to which petitioners wish to move is' adequately served by liquor stores. In ruling upon such applications, the State Liquor Authority is required by statute to consult the convenience and advantage of the public, but the Authority has made no investigation into whether the public convenience and advantage in the proposed new area in Forest City, North Bellmore, would be promoted or adversely affected by the change in location of their package liquor store which appellants seek. For aught that, appears to the contrary, the public convenience and advantage of the people in the proposed new location might be advantaged to an extent which would far outweigh any detriment to the area from which they wish to withdraw. We do not hold that such is necessarily the case, but merely that the State Liquor Authority could not intelligently exercise its statutory power to rule upon the removal application without ascertaining and considering the public convenience and advantage of the proposed new area as well as that of the old. That is especially true where, as here, the objections which were tried and sustained by the Authority were made by other package liquor stores in the new area. These objections could
 
 *364
 
 hardly be tried without consideration of the conditions existing in both areas. Subdivision 6 of section 121 of the Alcoholic Beverage Control Law authorizes court review of ‘‘ The transfer by the liquor authority of a license or permit to any other premises or the failure or refusal by the liquor authority to approve such a transfer.”
 

 Not only is there no finding in regard to how the public in the new area are circumstanced in regard to the purchasing of liquor but it was also conceded and urged upon the argument by counsel for the Authority that it had not considered and was not required by law to consider what the circumstances in the proposed new area are or would be if the petition were granted. It was arbitrary and capricious for the Authority to decide whether this removal of petitioners’ store should be granted or denied without looking into conditions in the new area. This was inconsistent with the circumstance that notices were sent by the Authority to the package liquor stores closest to such proposed new location, all of which filed protests. If the circumstances existing in the new location did not need to be investigated or considered, it was an idle gesture to have sent notices to the package liquor stores in that area, nor, under the Authority’s theory of the law, should their protests have been received or accorded weight. No protests were interposed by liquor stores in the area proposed to be vacated by petitioners but the proprietors of the stores in the new area were evidently objecting to any increase in competition in their locality. The record is left in the anomalous state that the Authority never tried out the basis for the objections which were filed.
 

 We do not substitute the judgment of the court for that of the Authority, but it was required to consider the convenience of the people of the area of the new location as well as of the old. Public convenience and advantage requires a comparison of the situations existing in both areas in order to determine whether or not the change should be permitted.
 

 The matter should be remitted to the State Liquor Authority to investigate, consider and make findings in relation to the situations in both localities in ruling upon whether public convenience and advantage calls for the granting or denial of this removal petition.
 

 
 *365
 
 Judges Fuld, Burke and Bergan concur with Judge Van Voorhis; Chief Judge Desmomd and Judges Dye and Scileppi dissent and vote to affirm.
 

 Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to the State Liquor Authority to make findings in accordance with the opinion herein.